IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

THOMAS R. REECE                                                                                    PLAINTIFF

v.                                                                          CIVIL ACTION NO. 1:24-CV-169-SA-DAS

OKTIBBEHA COUNTY, MISSISSIPPI                                                                     DEFENDANT

ORDER AND REASONS

On September 3, 2024, Thomas R. Reece filed his Complaint [1] against Oktibbeha County, Mississippi, alleging violations of the Fair Labor Standards Act ("FLSA") and Portal-to-Portal Act. The parties now jointly move for Court approval of their settlement agreement. *See* [16].

*Relevant Factual and Procedural Background*

Reece worked as a deputy sheriff for Oktibbeha County from approximately September 2021 until January 2023. Reece alleges that during that time, he was not paid overtime wages. Specifically, he alleges that he was not paid for his attendance at 15-minute morning briefings, time worked outside of scheduled hours, and travel time to and from work for which he was entitled to be paid. Reece alleges he was not paid for his time spent at the briefing nor was he paid for the time traveling to the sheriff's department each day.

During the pendency of this suit, the parties exchanged discovery. Oktibbeha County produced dispatch logs showing that Reece at times worked beyond his scheduled shift, and the County admitted to having not paid Reece for attendance at the morning briefings. Nevertheless, the parties could not agree on the exact amount of unpaid overtime due to Reece. However, after negotiation, they agreed on a settlement amount of $27,000.00. The parties represent to the Court that the total settlement amount consists of the following:: $9,250.00 in actual damages; $9,250.00

in liquidated damages; and $8,500.00 in attorneys' fees including the filing fee. The parties jointly request that the Court approve the settlement.

*Analysis*

The FLSA provides that "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be[.]" 29 U.S.C. § 216(b). Employers who violate this overtime provision are liable to the affected employees for the amount of overtime wages they were not paid, as well as liquidated damages, reasonable attorneys' fees, and costs of the action. *Id*.

"An individual cannot waive their rights under the FLSA." *Ellis v. Baptist Mem'l Health Care Corp.*, 2021 WL 1206408, *2 (N.D. Miss. Mar. 30, 2021) (citing *Martin v. Spring Break '83 Productions, LLC*, 688 F.3d 247, 257 (5th Cir. 2012)). Therefore, the Court typically reviews and approves FLSA settlements. *Id*. (citing *Vassallo v. Goodman Networks, Inc.*, 2016 WL 6037847, at *1 (E.D. Tex. Oct. 14, 2016)). "In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, the Court must determine (1) that the settlement resolves a bona fide dispute over FLSA provisions and (2) that the resolution is fair and reasonable." *Id*. (quoting *Lee v. Metrocare Servs.*, 2015 WL 13729679 at *1 (N.D. Tex. July 1, 2015)).

I.  Bona Fide Dispute

First, "[t]o establish that this settlement arises from a bona fide dispute, 'some doubt must exist that the plaintiffs would succeed on the merits through litigation of their claims.'" *Stephens v. Take Paws Rescue*, 2022 WL 2132286, at *2 (E.D. La. June 14, 2022) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719-20 (E.D. La. 2008)) (additional citation omitted).

2

The presence of an adversarial lawsuit with attorneys representing both parties is insufficient to satisfy the bona fide dispute requirement, though it is relevant. *Id.* (citing *Rosa v. Gulfcoast Wireless, Inc.*, 2018 WL 6326445, at *1 (E.D. La. Dec. 3, 2018)); *see also Ellis*, 2021 WL 1206408 at *2 (citing *Collins*, 568 F. Supp. 2d at 719-20).

Here, all parties are represented by counsel. The parties have been "actively litigating prior to reaching a settlement agreement" by exchanging discovery to assess the extent and strength of Reece's FLSA claim. *See Rosa*, 2018 WL 6326445 at *1 (finding active litigation and exchange of timesheets in discovery relevant in analyzing the presence of a "bona fide dispute"). In the Joint Motion [16], the parties contend that they disagree on whether Reece's travel time in uniform, in the uniform vehicle, or while engaged for calls or waiting to engage constitutes compensable time. Therefore, the Court is satisfied that the proposed settlement arises from a bona fide dispute.

II.     *Fair and Reasonable Settlement*

Second, to determine whether a settlement is fair and reasonable, the Court must consider six factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the possibility of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives, and absent class members.

*Ellis*, 2021 WL 1206408 at *2 (citing *Birdie v. Brandi's Hope Comm. Servs., LLC*, 2018 WL 3650243, at *2 (S.D. Miss. Aug. 1, 2018)).

"[T]here is a strong presumption in favor of finding a settlement fair." *Stephens*, 2022 WL 2132286 at *2 (citing *Camp v. Progressive Corp.*, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004) in turn citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). "While these six factors are more applicable to a collective action under FLSA than an action involving a single

plaintiff, the Court will use them to guide its analysis to the extent feasible." *Rosa*, 2018 WL 6326445 at *2 (citing *Collins*, 568 F. Supp. 2d at 722).

First, "[t]he Court may presume that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Collins*, 568 F. Supp. 2 at 725 (citing *Camp*, 2004 WL 2149079 at *7). The parties contend that no fraud or collusion is present "as the plaintiff produced specific calculations and underlying rationale to explain his losses and the calculations strictly followed the applicable statutory scheme." [17] at p. 8. The Court agrees. *See Collins*, 568 F. Supp. 2 at 725 (finding no evidence of fraud or collusion where parties engaged in extensive discovery and settlement negotiations, including mediation before a magistrate judge).

As to the second factor, the FLSA claim is not overly complex. However, the parties assert it involved "significant expense in nature of discovery." [17] at p. 8. As such, this factor supports the approval of settlement. *See Smith v. Humphreys Cnty., Miss.*, 2023 WL 2587483, at *2 (N.D. Miss. Mar. 21, 2023) (FLSA claim was not complex but court found factor weighed in favor of approval due to significant amount of discovery).

Third, the parties have engaged in discovery and negotiations. They have had ample time to fully develop their claims and defenses. Thus, this factor weighs in favor of approving the settlement.

In evaluating factor four—the plaintiff's likelihood of success on the merits—courts have found that this factor weighs in favor of settlement where the "plaintiff's complaint appears meritorious, but [the] defendant's defenses pose a risk for [the] plaintiff if litigation were to continue." *Rosa*, 2018 WL 6326445 at *2 (citing *Collins*, 568 F. Supp. 2 at 726). Here, as noted, the parties disagree as to whether Reece was entitled to compensation for travel-related duties. This suggests to the Court that Reece may have a meritorious claim for unpaid wages and

4

Oktibbeha County may have a defense. Therefore, the Court finds this factor supports approval of the settlement.

Fifth, with respect to the range of possible recovery, the parties contend that the actual damages award reflects an agreement to pay Reece for one hour of overtime pay per day worked. This satisfies the Court that Reece's claim falls within a range of recovery that is fair and reasonable. This factor supports the approval of settlement. The Court need not weigh the sixth factor, which applies only to proposed settlements in class action claims.

As part of its analysis for fairness and reasonableness, the Court must also consider the reasonableness of the proposed expenses and attorneys' fees. *Ellis*, 2021 WL 1206408 at *3 (citing *Price v. On Trac Inc.*, 2018 WL 6804326 at *1 (W.D. La. Dec. 19, 2018)). The Fifth Circuit uses the lodestar method to calculate an appropriate award of attorneys' fees under the FLSA. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999)). "The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Id*. (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)). After calculating the lodestar, the court may adjust the amount of attorneys' fees based on the relative weight of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Id*. (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010)).

Here, Reece's counsel requests $8,500.00 in attorneys' fees including the filing fee. As to the filing fee, the Court finds this request reasonable as the FLSA provides that the plaintiff may recover "costs of the action" in addition to any judgment awarded. 29 U.S.C. § 216(b).

As to the attorneys' fees, plaintiff's counsel contends that the fee requested represents 34 hours of work billed at $250 per hour. Counsel makes no argument in support of the number of hours billed. However, the Court notes that counsel alleges that the parties have exchanged discovery and participated in settlement discussions. The Court accepts counsel's representation that 34 hours was spent on the FLSA claim.

As to the proposed $250 per hour billing rate, "[w]hen an attorney's billing rate is not contested, it is *prima facie* reasonable." *DeArmond v. Alliance Energy Services, LLC*, 2018 WL 2463207, at *5 (E.D. La. June 1, 2018) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995)). Accordingly, multiplying 34 hours by $250, the Court calculates the lodestar amount to be $8,500.00.

"There is a strong presumption that the lodestar award established by the district court is the reasonable fee." *Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 F. App'x 341, 341 (5th Cir. 2007) (per curiam) (citing *Heidtman*, 171 F.3d at 1044). In exceptional cases, the Court may increase or decrease the lodestar based on the factors outlined in *Johnson*:

> (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 n.18 (5th Cir. 2006) (citing *Johnson*, 488 F.2d at 17-19).

The Fifth Circuit has cautioned that any *Johnson* factor already considered in the lodestar amount should be disregarded in determining whether the lodestar should be adjusted. *Hendrix v. Evergreen Hauling*, 2019 WL 138160, at *4 (N.D. Miss. Jan. 8, 2019) (citing *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998)). Factors one, two, three, four, five, seven, eight, and nine are usually implicated in the lodestar calculation. *See Michael v. Boutwell*, 2015 WL 9307838, at *2 (N.D. Miss. Dec. 21, 2015) (citing *Sales v. Bailey*, 2015 WL 1825060, at *4 (N.D. Miss. Apr. 22, 2015)) (additional citations omitted). Moreover, since *Johnson* was decided, the Supreme Court has held that the sixth factor should not be considered. *Sales*, 2015 WL 1825060 at *4 (citing *City of Burlington v. Dague*, 505 U.S. 557, 567, 112 S. Ct. 638, 120 L. Ed. 2d 449 (1992)). This leaves the Court to consider factors ten, eleven, and twelve.

As to factors ten and eleven, the parties have not provided specific facts relevant to whether this case was undesirable or the nature and length of Reece's relationship with his counsel. Nevertheless, the Court has been made aware of no circumstances relevant to these factors that would warrant departure from the lodestar amount.

As to factor twelve—awards in similar cases—the Court notes that "it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples." *Howe*, 215 F. App'x at 341-42. Here, the proposed settlement would award Reece $18,500.00 and his attorneys $8,500.00 in fees. Given that Reece will receive is more than double the amount of attorneys' fees, the Court finds this ratio well within the range permitted by the Fifth Circuit. *See Howe*, 215 F. App'x at 341 (affirming award of $23,357.30 in damages and $129,805.50 in attorneys' fees); *Lucio-Cantu v. Vela*, 239 F. App'x 866, 867-68 (5th Cir. 2007) (affirming award of $4,696.79 in overtime compensation and $51,750 in attorneys' fees); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990) (affirming award of $1,181 in overtime compensation and

7

$9,250 in attorneys' fees). Therefore, having considered the *Johnson* factors and the fact that there is no opposition to the requested attorneys' fees, the Court finds no reason to depart from the lodestar amount of $8,500.00.

*Conclusion*

For the reasons set forth above, the Court finds that the proposed settlement, including the proposed costs and attorneys' fees, represents a fair and reasonable resolution of a bona fide dispute. The Joint Motion for Settlement [16] is APPROVED. All claims are hereby dismissed *with prejudice*. This CASE is CLOSED.

SO ORDERED, this the 10th day of September, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE